TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
JENNIFER L. WAIER
Chief Assistant United States Attorney &
Chief, Criminal Division
KERRY L. QUINN
Assistant United States Attorney
Major Frauds Section
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture and Recovery Section
THI HOANG HO (Cal. Bar No. 293978)
Assistant United States Attorney
Asset Forfeiture & Recovery Section
1100 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-0596
Facsimile: (213) 894-6269
E-mail: Thi.Ho@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALEXANDER SOOFER,<br><br>Defendant. | Case No. 2:26-CR-00077-MWF<br><br><u>APPLICATION FOR ORDER ALLOWING THE UNITED STATES TO MAINTAIN CUSTODY OF SEIZED PROPERTY FOR PURPOSES OF CRIMINAL FORFEITURE</u><br><br>[18 U.S.C. § 983(a)(3)(B)(ii)(II) 21 U.S.C. § 853(e)]<br><br>*[Proposed] Order Lodged Contemporaneously*<br><br>*[No Hearing Requested]* |

The United States of America (the "government"), by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorney Thi Hoang Ho, hereby moves for an order allowing the

government to maintain custody of property already in the government's possession for possible forfeiture in this criminal case. In support of its unopposed application, the government submits as follows:

1. On or about January 23, 2026, agents of the Internal Revenue Service ("IRS") seized the following assets:

a. One 2023 Land Rover Range Rover, (Consolidated Asset Tracking System Identification Number ("CATS ID") 26-IRS-000150);

b. $17,715.00 in U.S. Currency (CATS ID 26-IRS-000151);

c. $950.00 in U.S. Currency (CATS ID 26-IRS-000152);

d. $1,310.00 in U.S. Currency (CATS ID 26-IRS-000153);

e. One Rolex Cosmograph Daytona 18K gold watch (CATS ID 26-IRS-000154);

f. One Cartier Tank Francaise stainless steel watch (CATS ID 26-IRS-000155);

g. One Cartier Ballon Bleu watch (CATS ID 26-IRS-000156);

h. One Bottega Veneta Knot Minaudière clutch bag (CATS ID 26-IRS-000157);

i. One Chanel Classic Flap bag (CATS ID 26-IRS-000158);

j. Forty (40) 2024 St. Helena King Charles III 1 oz. 999 Silver coins (CATS ID 26-IRS-000159);

k. Forty (40) 2024 St. Helena Queen Elizabeth II 1 oz. 999 silver coins (CATS ID 26-IRS-000160);

l. Six (6) 1998 American Platinum Eagle $100 bullion coins (CATS ID 26-IRS-000161); and

m. Two (2) one-ounce American Gold Buffalo coins from a residence located at 919 Hilts Avenue, Los Angeles, California (CATS ID 26-IRS-000162) (collectively, the "Seized Property").

2. On or about February 18, 2026, a grand jury in this district charged defendant in this case with violating 18 U.S.C. § 1343 (wire fraud). (Dkt. 24). Defendant Alexander Soofer ("Soofer") has appeared in this case and pled not guilty. (Dkt. 28).

3. IRS commenced administrative forfeiture proceedings against the Seized Property by sending notice of the government's intent to forfeit to potential claimants pursuant to 18 U.S.C. § 983(a)(1), and caused that notice to be published in an official government internet site, www.forfeiture.gov.

4. Under 18 U.S.C. § 983(a)(3), the government has 90 days from the filing of a claim in the administrative forfeiture proceeding to: (1) return the Seized Property, (2) commence a civil judicial forfeiture action against the assets, (3) commence a criminal forfeiture action containing an allegation that the Seized Property are subject to forfeiture, or (4) request an extension of time from the Court. Here, on April 21, 2026, Ashley Aframian and Alexander Soofer (together, "claimants") filed claims in the administrative forfeiture proceeding for the Seized Property. No other petitions or claims have been received as to the Seized Property.

5. When the government commences a criminal action containing an allegation that certain property is subject to forfeiture, and the government has already seized that property by administrative or civil forfeiture process, the government must "take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute." 18 U.S.C. § 983(a)(3)(B)(ii)(II).

6. The applicable criminal forfeiture statute for the Seized

Property is 18 U.S.C. § 981(a)(1)(C). The Indictment contains a Forfeiture Allegation (pertaining to Count One), providing notice that the government would seek forfeiture, as part of any sentence, of any convicted defendant's right, title, and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense, and any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense. Dkt. 24 at 7.

7. Besides authorizing the issuance of criminal restraining orders and seizure warrants to preserve property for forfeiture, 21 U.S.C. § 853 also empowers the Court to "take any other action to preserve the availability of the property . . . for forfeiture . . . ." 21 U.S.C. §§ 853(e)(1), (f).

8. Here, the government has concluded that it will not pursue administrative or civil judicial forfeiture of the Seized Property. But, at the present time, the government must retain possession and custody of the Seized Property to use as evidence in connection with the criminal prosecution in this case against defendant. The government further represents that it will preserve the Seized Property for potential forfeiture or potential return to Ashley Aframian and Alexander Soofer until the criminal case is resolved.

9. Counsel for the government has met and conferred with claimants.

a. On July 9, 2026, Soofer's counsel, Gregory D. Bernstein and Alaleh Kamran, indicated via email that they do not oppose this application by the government.

b. On July 13, 2026, claimant Ashley Aframian indicated

via email that she also does not oppose this application by the government.

10. Where the government makes these express representations regarding property already in its custody, the only type of court order needed to "preserve [the government's] right to maintain custody of the property," for the purposes of Section 983(a)(3)(B)(ii)(II), is an order providing that the government may continue to maintain custody of the Seized Property until the criminal case is concluded. See United States v. Scarmazzo, 2007 WL 587183, at *3 (E.D. Cal. 2007) (holding that, where the government originally seized property for administrative forfeiture, in order to preserve its right to maintain custody of that property for criminal forfeiture consistent with 18 U.S.C. § 983(a)(3)(B)(ii)(II), the government need obtain only an order under 21 U.S.C. § 853(e) directing the government to continue to maintain custody of the property pending resolution of the criminal case); see also United States v. Standridge, 2007 WL 2572207, at *2 (M.D. Fla. 2007) (same); see also In Re One 2000 White Mercedes ML320, 220 F. Supp. 2d 1322, 1325-26 (M.D. Fla. 2001) (same).

//

//

//

WHEREFORE, the United States respectfully requests that this Court issue an order under 21 U.S.C. § 853(e)(1), directing that the United States may maintain custody of the above-referenced Seized Property through the conclusion of the pending criminal case and expressly concluding that this order satisfies the custody-preservation requirement of 18 U.S.C. § 983(a)(3)(B)(ii)(II).

Dated: July 13, 2026

Respectfully submitted,

TODD BLANCHE
Acting Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

JENNIFER L. WAIER
Chief Assistant United States Attorney &
Chief, Criminal Division

KERRY L. QUINN
Assistant United States Attorney
Major Frauds Section

JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture & Recovery Section

*/s/*

THI HOANG HO
Assistant United States Attorney
Asset Forfeiture & Recovery Section

Attorneys for Plaintiff
UNITED STATES OF AMERICA